# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**ALLSTATE PROPERTY AND CASUALTY**
**INSURANCE COMPANY**                            **PLAINTIFF**

**VS.**                                                 CAUSE NO. 3:13CV443 CWR-FKB

**CHRISTOPHER INGRAM**                                **DEFENDANT**

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, the Plaintiff, Allstate Indemnity Company (hereinafter "Allstate"), by and through counsel, pursuant to Rule 57 of the Federal Rules of Civil Procedure and Title 28 U.S.C. § 2201, and other applicable authorities, and files this, its Complaint for Declaratory Judgment and would show the following:

1. This is an action for declaratory judgment for the purpose of determining a question of actual controversy between Plaintiff and Defendant as set forth herein.

## PARTIES

2. Allstate is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and citizenship in Illinois. Allstate is authorized to transact business in the State of Mississippi and is doing business in Mississippi.

3. Defendant Christopher Ingram resides at 710 Bo Blaze Cove, Brandon, Mississippi, and is subject to the jurisdiction and venue of the Court. Mr. Ingram can be served with Summons and Petition for Declaratory Judgment at the above address.

## JURISDICTION AND VENUE

4. There is complete diversity of citizenship between the Plaintiff and the Defendant pursuant to 28 U.S.C. § 1332 and the matter in controversy exceeds the sum or value of

$75,000.00, exclusive of interest and costs. Accordingly, this Court has jurisdiction of this civil action.

5. Venue is proper in this district under 28 U.S.C. § 1391(a) because the Defendant, Christopher Ingram, is a resident of the jurisdictional area encompassed by the United States District Court for the Southern District of Mississippi, Jackson Division, and because a substantial part of the events and/or omissions giving rise to the claim occurred in the Southern District of Mississippi.

## FACTS

6. Christopher Ingram was insured pursuant to an Allstate Deluxe Plus Homeowner's Policy ("policy"), Policy No. 945323174. The policy was in force on January 30, 2011. The policy provided coverage to Christopher Ingram, subject to the policy's terms, conditions, and exclusions. A true and correct copy of the Allstate Policy issued to Ingram, and bearing Policy No. 945323174, is attached hereto as **Exhibit "A"** and is expressly incorporated herein by reference.

7. On January 29 and 30, 2011, H.S., a minor, was at the home of Ingram. H.S. was the friend of another minor child, Ingram's niece. Ingram's niece and H.S. were spending the night in Ingram's home. At or around 1:00 a.m. on the morning of January 30, 2011, H.S. was sexually assaulted and raped in Hinds County Mississippi by Timothy Greer.

8. Earlier in the evening, Ingram was watching movies with the two girls. He retired to his bedroom and the girls remained awake watching television. A party was taking place across the street at a neighbor's home. The girls were instructed to stay in the home and not go to the party. Instead, the girls snuck out, attended the party, left Rankin County and H.S. was raped by Timothy Greer somewhere in Hinds County Mississippi. After pleading guilty, Greer is

currently incarcerated for this incident. Now, an attorney for H.S. has made a claim of negligent supervision against Ingram for the resulting damages caused by Greer.

9. On or about May 7, 2013, Allstate issued the Defendant a reservation of rights letter reserving Allstate Insurance Company's right to deny coverage under the terms of its Deluxe Plus Homeowner's Policy. A true and accurate copy of Allstate's Reservation of Rights letter is attached hereto and incorporated herein by reference as **"Exhibit B."**

10. A substantial question is presented based upon information supplied to Allstate as to whether coverage is afforded to Ingram under Allstate's policy. Therefore, Allstate requests the Court's determination of the following:

(a) that coverage is not provided to Ingram for any claims made by H.S. or anyone on her behalf as a minor, under the Deluxe Plus Homeowner's Policy issued to Ingram for any injuries or damages suffered by H.S. to have been caused by Timothy Greer; and

(b) that Allstate has no duty to indemnify or defend Ingram in any action against him for the actions of Greer.

## COUNT I

### THE ACTIONS OF GREER DID NOT OCCUR ON AN INSURED PREMISES

11. Plaintiff re-alleges and incorporates by reference Paragraphs 1-10, as if said paragraphs were fully set forth verbatim herein.

12. The Deluxe Plus Homeowner's Policy issued to Ingram provides the following:

*Insuring Agreement*
In reliance on the information **you** have given **us, Allstate** agrees to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform **us** of any change in title, use or occupancy of the **residence premises.**

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or **occurrences** that take place during the policy period. The policy period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

The terms of this policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's resident spouse. These persons are defined as **you** or **your**. This means that the responsibilities, acts and omissions of a person defined as **you** or **your** will be binding upon any other person defined as **you** or **your**.

The terms of this policy impose joint obligations on persons defined as an **insured person**. This means that the responsibilities, acts and failures to act of a person defined as an **insured person** will be binding upon another person defined as an **insured person.**

*Section II Family Liability and Guest Medical Protection*

*Coverage X Family Liability Protection*
*Losses We Do Not Cover Under Coverage X:*
7. **We** do not cover **bodily injury** or **property damage** arising out of:
    a) the negligent supervision by an **insured person** of any person;

13. **We** do not cover **bodily injury** or **property damage** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. This exclusion does not apply to **bodily injury** to a **residence employee**.

*Coverage Y Guest Medical Protection*
*Losses We Do Not Cover Under Coverage Y:*
7. We do not cover bodily injury arising out of:
    a) the negligent supervision by any **insured person** of any person;

12. **We** do not cover **bodily injury** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. This exclusion does not apply to **bodily injury** to a **residence employee.**

*Section II Conditions*
1. **What You Must Do After An Accidental Loss** In the event of **bodily injury** or **property damage, you** must do the following:
    a) Promptly notify **us** or **our** agent stating:
        1) **your** name and policy number;
        2) the date, the place and the circumstances of the loss;
        3) the name and address of anyone who might have a claim against an **insured person**;

        4) the names and addresses of any witnesses.
- b) Promptly send **us** any legal papers relating to the accident.
- c) At **our** request, an **insured person** will:
    1) cooperate with **us** and assist **us** in any matter concerning a claim or suit;
    2) help **us** enforce any right of recovery against any person or organization who may be liable to an **insured person**;
    3) attend any hearing or trial.

- d) Under the **Damage to Property of Others** protection, give **us** a sworn statement of the loss. This must be made within 60 days after the date of loss. Also, an **insured person** must be prepared to show **us** any damaged property under that person's control.

### 4. Our Limits Of Liability

Regardless of the number of **insured persons,** injured persons, claims, claimants or policies involved, **our** total liability under **Coverage X Family Liability Protection** for damages resulting from one **occurrence** will not exceed the limit shown on the Policy Declarations. All **bodily injury** and **property damage** resulting from continuous or repeated exposure to the same general conditions is considered the result of one **occurrence.**

**Our** total liability under **Coverage Y Guest Medical Protection** for all medical expenses payable for **bodily injury**, to any one person, shall not exceed the "each person" limit shown on the Policy Declarations.

*Definitions Used In This Policy*
1. "**You**" or "**your**" means the person named on the Policy Declarations as the insured and that person's resident spouse.

4. "**Bodily injury**" means physical harm to the body, including sickness or disease, and resulting death, except that **bodily injury** does not include:
- a) any venereal disease;
- b) Herpes;
- c) Acquired Immune Deficiency Syndrome (AIDS);
- d) AIDS Related Complex (ARC);
- e) Human Immunodeficiency Virus (HIV); or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.

Under **Coverage Y Guest Medical Protection, bodily injury** means physical harm to the body, including sickness or disease, except that **bodily injury** does not include:
- a) any venereal disease;
- b) Herpes;

c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV); or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.

8. "**Insured premises**" means:
   a) the **residence premises**; and
   b) under **Section II** only:
      1) the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquired for **your** use as a private residence while this policy is in effect;
      2) any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;
      3) cemetery plots or burial vaults owned by an **insured person;**
      4) vacant land, other than farmland, owned by or rented to an **insured person;**
      5) land owned by or rented to an **insured person** where a one, two, three or four family dwelling is being built as that person's residence;
      6) any premises used by an **insured person** in connection with the **residence premises**;
      7) any part of a premises occasionally rented to an **insured person** for other than **business** purposes.

13. Any claims against Ingram, arising from the January 30, 2011, incident are not covered by the Policy issued to Ingram. The foregoing terms, conditions, and exclusions apply and accordingly, defendant Ingram is not entitled to coverage, defense, and/or indemnity for any claims arising from the January 30, 2011, incident.

## COUNT II

### GREER'S ACTIONS DO NOT CONSTITUTE AN "OCCURRENCE"

14. Plaintiff re-alleges and incorporates by reference Paragraphs 1-13, as if said paragraphs were fully set forth verbatim herein.

15. Coverage X: Family Liability Protection of the Policy issued to Ingram states the following:

**LOSSES WE COVER UNDER COVERAGE X:**

Subject to the terms, conditions, and limitations of the policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and covered by this part of the policy.

**DEFINITIONS USED IN THIS POLICY:**

9. **Occurrence-** means an **accident** including continuing or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

16. H.S.' claims have not been caused by an "occurrence" as defined by the policy. Therefore, Ingram is not entitled to coverage, defense, and/or indemnity for any claims arising from the January 30, 2011, actions of Greer.

## COUNT III

### THE "INTENTIONAL ACT/CRIMINAL ACT" EXCLUSION CONTAINED IN THE ALLSTATE DELUXE PLUS HOMEOWNERS POLICY EXCLUDES H.S.CLAIMS

17. Plaintiff re-alleges and incorporates by reference Paragraphs 1-16, as if said paragraphs were fully set forth verbatim herein.

18. Coverage X: Family Liability Protection, of Ingram and Deluxe Plus Homeowners' Policy contains the following exclusion:

**LOSSES WE DO NOT COVER UNDER COVERAGE X:**

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional acts or acts or omissions of, any insured person, which are crimes pursuant to the Georgia Criminal Code. However, this exclusion shall not apply if such act or omission was for the preservation of life or property. However, this exclusion applies even if:

(a) such an insured person lacks the mental capacity to appreciate the criminal nature or wrongfulness of the act or omission or to

conform his or her conduct to the requirements of the law or to form the necessary intent under the law;

(b) such bodily injury or property damage is of a different kind or degree than that intended or reasonably expected; or

(c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

22. All claims arising from the January 30, 2011, incident are excluded by the "intentional/criminal acts" exclusion. Accordingly, Defendant Ingram is not entitled to coverage, defense, and/or indemnity for any claims arising from the January 30, 2011, incident.

23. The Court should declare the rights and legal obligations of the persons interested under the aforesaid Homeowner's Policy issue by Allstate. A real controversy now exists between Allstate and the Defendant as to whether the subject Homeowner's Policy provides coverage regarding the allegations made by H.S. In order to terminate the controversy and the uncertainty concerning the questions and/or existence of coverage and the existence of any duty to indemnify or defend owed by Allstate, it is necessary that a declaration be made as to the rights and obligations of Allstate and the subject Homeowner's Policy issued to Ingram.

WHEREFORE, Plaintiff, Allstate prays that:

(1) process be issued as required by law and that Defendant be served with a copy of the summons and complaint;
(2) the Court issue a declaration that Allstate Insurance Company is not obligated to provide coverage, indemnification or a defense to Ingram under his Deluxe Plus Homeowner's policy; or
(3) in the alternative, if the Court extends coverage to Ingram under Allstate's requests the Court specifically identify which of H.S. are covered and which are excluded; and
(4) for other such relief as the Court deems just and proper.

Respectfully submitted, this ____ day of July, 2013.

ALLSTATE INSURANCE COMPANY, Plaintiff

BY: GAMMILL, MONTGOMERY, MALATESTA, PLLC

BY: _____
TOBY J. GAMMILL (MSB #100367)


OF COUNSEL:

GAMMILL, MONTGOMERY, MALATESTA, PLLC
3900 Lakeland Drive, Suite 401
Post Office Box 321399
Flowood, Mississippi 39232
Tel: (601) 487-2300
Fax: (601) 420-2426
Email: toby@gammillmontgomery.com

*Attorneys for Plaintiff, Allstate Insurance Company*