THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALLSTATE PROPERTY AND CASUALTY                                          PLAINTIFF
INSURANCE COMPANY

V.                                                                            CAUSE NO. 3:13-CV-443-CWR-FKB

CHRISTOPHER INGRAM                                                      DEFENDANT

### ANSWER FOR INTERVENOR DEFENDANT CONNIE STACY

COMES NOW, Connie Stacy on behalf of her minor child, H.S., and files its Answer to the Complaint and in support thereof, would show unto the Court the following:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Defendant Stacy moves this Court for a dismissal with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Process and service of process are improper.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction of this matter. Defendant Stacy hereby requests any and all relief that may be granted by this Court pursuant to or in light of the aforementioned defense.

### FOURTH DEFENSE

The occurrence was the neglect on the property, not the criminal act of a third party.

### FIFTH DEFENSE

Defendant Ingram did not commit a crime; therefore, the criminal exclusion does not apply to his acts.

Exhibit "A"

SIXTH DEFENSE

H.S. does not meet any of the exclusions under the Allstate Policy No. 945323174.

SEVENTH DEFENSE

Defendant Stacy generally denies all of the allegations contained in the Plaintiff's Complaint and each paragraph and sub-paragraph thereof, except such designated allegations, paragraphs or sub-paragraphs as are expressly set forth to the contrary more fully herein below pursuant to Rule 8 of the Federal Rules of Civil Procedure.

EIGHTH DEFENSE

AND NOW, Defendant Stacy, without waiving any of her above-referenced defenses, responds to each and every numbered paragraph in Plaintiff's Complaint as follows:

ANSWER

1. Admitted.

2. Upon information and belief, the allegations of Paragraph 2 of the Complaint are admitted.

3. The allegations of Paragraph 3 of the Complaint are not directed to this Defendant, and thus, no response is required of Defendant. However, to the extent that this response could be construed as a failure to respond and/or an admission of liability on the part of the Defendant, the allegations of Paragraph 3 are denied.

4. Denied.

5. Admitted.

6. Upon information and belief, the allegations of Paragraph 6 of the Complaint are admitted.

7. Upon information and belief, the allegations of Paragraph 7 of the Complaint are admitted.

Exhibit "A"

8. Except as specifically admitted herein, the allegations of Paragraph 8 of the Complaint are denied. It is admitted that Timothy Greer is currently incarcerated for the rape of H.S. and H.S., by and through her legal guardian, has made a claim of negligent supervision against Ingram.

9. The allegations of Paragraph 9 of the Complaint are not directed to this Defendant, and thus, no response is required of Defendant. However, to the extent that this response could be construed as a failure to respond and/or an admission of liability on the part of the Defendant, the allegations of Paragraph 9 are denied.

10. Denied.

11. As Plaintiff has adopted and incorporated all of the preceding allegations of the Complaint herein, Defendant adopts, incorporates, and re-asserts herein all of her responses and defenses to Paragraphs 1 through 11 of the Complaint.

12. Upon information and belief, the allegations of Paragraph 12 of the Complaint are admitted.

13. Denied.

14. As Plaintiff has adopted and incorporated all of the preceding allegations of the Complaint herein, Defendant adopts, incorporates, and re-asserts herein all of her responses and defenses to Paragraphs 1 through 14 of the Complaint.

15. Upon information and belief, the allegations of Paragraph 15 of the Complaint are admitted.

16. Denied.

17. As Plaintiff has adopted and incorporated all of the preceding allegations of the Complaint herein, Defendant adopts, incorporates, and re-asserts herein all of her responses and defenses to Paragraphs 1 through 17 of the Complaint.

Exhibit "A"

18. Upon information and belief, the allegations of Paragraph 18 of the Complaint are admitted.

19. There is no paragraph numbered as paragraph "19" contained in the complaint. Thus, no response is required of Defendant. However, to the extent that this response could be construed as a failure to respond and/or an admission of liability on the part of the Defendant, the allegations of Paragraph 19 are denied.

20. There is no paragraph numbered as paragraph "20" contained in the complaint. Thus, no response is required of Defendant. However, to the extent that this response could be construed as a failure to respond and/or an admission of liability on the part of the Defendant, the allegations of Paragraph 20 are denied.

21. There is no paragraph numbered as paragraph "21" contained in the complaint. Thus, no response is required of Defendant. However, to the extent that this response could be construed as a failure to respond and/or an admission of liability on the part of the Defendant, the allegations of Paragraph 21 are denied.

22. Denied

23. Denied.

24. Defendant Stacy denies the allegations of the final, unnumbered paragraph of the Complaint beginning with the words "WHEREFORE, premises considered," including Page 11, subparagraphs "(1)" through "(4)" thereto.

AND NOW, having answered the allegations of the Complaint, paragraph by paragraph, Defendant Stacy would assert the following additional defenses and matters in avoidance:

### NINTH AFFIRMATIVE DEFENSE

Defendant Stacy affirmatively pleads any and all other defenses and affirmative defenses available to her, or which may become applicable through discovery and during the trial of this cause.

Exhibit "A"

## TENTH AFFIRMATIVE DEFENSE

The facts not having been fully developed, Defendant Stacy further affirmatively pleads the following affirmative defenses as may be applicable in this action: accord and satisfaction, arbitration and award, assumption of the risk, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, *res judicata*, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant Stacy would specifically reserve her right to amend this Answer to include any other appropriate defenses which may be developed through discovery and/or investigation of the subject accident.

WHEREFORE, HAVING FULLY AND FINALLY ANSWERED the allegations of the Complaint, Intervenor Connie Stacy, on behalf of her minor child, H.S., requests this Answer and Defenses be received and deemed sufficient and that a Judgment be entered in her favor denying the relief requested by the Plaintiff, and dismissing this cause of action in its entirety, with prejudice, with all costs being assessed against the Plaintiff. Defendant Stacy further moves for any additional relief that this Court deems necessary and appropriate in this case.

RESPECTFULLY SUBMITTED, this the 15th day of August, 2013.

                                                        Connie Stacy, on behalf of her minor
                                                        daughter, H.S., Intervenor

                                            By:     */s/ Rogen K. Chhabra*
                                                        Rogen K. Chhabra

Exhibit "A"

ATTORNEY FOR INTERVENOR:

Rogen K. Chhabra, Esq., MSB #99131
CHHABRA & GIBBS, P.A.
120 N. Congress St, Ste 200
Jackson, MS 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
rchhabra@cglawms.com

CERTIFICATE OF SERVICE

I, Rogen K. Chhabra, do hereby certify that I have this day served a true and correct copy of the above and foregoing via ECF to the following:

    Toby Gammill
    Gammill, Montgomery, Malatesta PLLC
    3900 Lakeland Drive, Suite 401
    Post Office Box 321399
    Flowood, Mississippi 39232

This the 15th day of August, 2013.

                                               /s/ Rogen K. Chhabra
                                               ROGEN K. CHHABRA

Rogen K., Chhabra, MSB #99131
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile:  (601) 948-8010
rchhabra@cglawms.com

6

Exhibit "A"