THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | PLAINTIFF |
| V. | CAUSE NO. 3:13-CV-443-CWR-FKB |
| CHRISTOPHER INGRAM | DEFENDANT |

### MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE

COMES NOW, Plaintiff, Connie Stacy on behalf of her minor child, H.S. (hereinafter "Stacy"), and respectfully files her Memorandum in Support of Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure, in this cause as a party, and in support thereof, would show unto the Court the following:

Rule 24 of the Federal Rules of Civil Procedure governing intervention is to be construed liberally, and doubts resolved in favor of the proposed intervenor. *Poynor v. Chesapeake Energy Ltd. P'ship*, 570 F.3d 244, 248 (5th Cir. 2009). A party may seek intervention in two ways: (1) as of right and (2) permissively. Here, Stacy satisfies either path to intervention.

### I. Stacy meets the requirements for intervention as of right under FRCP 24(a)(2).

Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that, on timely motion, the court "must permit anyone to intervene" who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest." To succeed as an intervenor of right, a party must show (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; that the disposition of the action may impair or impede, as a practical matter, its ability to protect that interest; and that the

intervenor's interest is inadequately represented by existing parties to the suit. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996 ) (en banc). The rule is thus said to have four requirements: (1) a timely motion, (2) a protectable interest, (3) the possibility of impairment, and (4) inadequacy of representation. *Id.* Stacy meets each of those requirements.

### A. Timeliness

In determining whether a motion to intervene is timely, the court usually considers: (1) the length of time the applicants knew or should have known of their interest in the case; (2) prejudice to existing parties caused by the applicants' delay; (3) prejudice to the applicants if their motion is denied; and (4) any unusual circumstances. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977). The timeliness of a motion to intervene must consider the totality of the circumstances. *Jones v. Caddo Parish Sch. Bd.*, 735 F.2d 923, 927 (5th Cir. 1984) (en banc). Stacy became aware of the instant action less than two weeks ago. Since that time, Stacy's counsel has acted swiftly both in preserving Stacy's rights and to intervene in this matter. This motion is being made just a few short weeks after the filing of the complaint and prior to the filing of any responsive pleading. Promptness should be measured by "the speed with which the would-be intervenor acted when it became aware that its interests would no longer be protected by the original parties." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 267 (5th Cir. 1977)). As no answer has been filed in this action, Stacy's participation in the action would not prejudice any other parties. Accordingly, this motion is timely.

### B. A Protectable Interest

Stacy has an interest related to the subject action. Stacy's minor daughter, H.S., was raped while under the supervision of Defendant Ingraham. Stacy seeks to make a claim under

Defendant Ingraham's homeowner's insurance policy. "When a particular fund is at issue, an applicant claims an interest in the very property that is the subject matter of the suit." *Shaunfield, v. Citicorp Diners Club, Inc.*, 2005 U.S. Dist. LEXIS 1124 * 19 (N.D.Tex. 2005). As such, Stacy has an interest in the current proceeding. Stacy simply seeks to intervene so that the rights and interests of the minor can be protected in this civil action.

### C. Possibility of Impairment

An applicant for intervention as of right must be "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a) (emphasis added). If Stacy is not allowed to intervene in the instant action, she would be required to bring a separate action in order to participate in a determination of the rights and responsibilities of Allstate in the instant case. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene. Fed. R. Civ. P. 24(a)(2), advisory committee note (1966). Consequently, this Court should allow intervention.

### D. Adequacy of Representation

Adequacy of representation is a ""minimal burden that is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Doe #1 v. Glickman*, 256 F.3d 371, 380 (5th Cir. 2001). Both the Plaintiff and Defendant Ingram likely oppose the relief that Stacy is requesting. Without intervention, Stacy would be without anyone to represent the interests of the minor in this matter. Thus, the current parties to this action do not adequately represent the Plaintiff's interest.

II. **Alternatively, Stacy should be permitted to intervene pursuant to FRCP 24(b).**

Rule 24(b)(1)(B) permits this Court to grant intervention where the potential intervenor

"has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Here, Stacy meets the Rule 24(b) standard. Plaintiff's cause of action derives directly from the insurance coverage that is being disputed in the instant action. No party will suffer any prejudice if Stacy is allowed to intervene in this matter. This motion is being brought less than one month since the filing of the complaint and prior to any responsive pleading.

## Conclusion

"[I]t has been the traditional attitude of the federal courts to allow intervention 'where no one would be hurt and greater justice would be attained.'" *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). For the foregoing reasons, Stacy respectfully requests that the Court grant intervention as of right or, in the alternative, that permissive intervention be granted.

This the 16th day of August, 2013.

                             Respectfully Submitted,

                             Connie Stacy, on behalf of her minor daughter, H.S., Intervenor

                             */s/ Rogen K. Chhabra*
                             ROGEN K. CHHABRA

ATTORNEYS FOR INTERVENOR:

Rogen K. Chhabra (MSB # 99131)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone:    (601) 948-8005
Facsimile:    (601) 948-8010
rchhabra@cglawms.com

# CERTIFICATE OF SERVICE

I, Rogen K .Chhabra, do hereby certify that I have this day served a true and correct copy of the above and foregoing via ECF to the following:

>Toby Gammill
>Gammill, Montgomery, Malatesta PLLC
>3900 Lakeland Drive, Suite 401
>Post Office Box 321399
>Flowood, Mississippi 39232

This the 16th day of August, 2013.

    /s/ Rogen K. Chhabra
ROGEN K. CHHABRA

Rogen K., Chhabra, MSB #99131
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile:  (601) 948-8010
rchhabra@cglawms.com