THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALLSTATE PROPERTY AND CASUALTY					PLAINTIFF
INSURANCE COMPANY

V.								CAUSE NO. 3:13-CV-443-CWR-FKB

CHRISTOPHER INGRAM							DEFENDANT

INTERVENOR'S REBUTTAL TO ALLSTATE'S
RESPONSE TO MOTION FOR LEAVE TO INTERVENE

COMES NOW, Connie Stacy on behalf of her minor child, H.S., and respectfully files her rebuttal to Allstate's Response to Motion for Leave to Intervene filed by Non-Party Connie Stacy on behalf of her minor child, H.S., and in support thereof, would show unto the Court the following:

Introductory Facts

Allstate brought the instant action seeking declaratory judgment on whether or not it has a duty to defend Defendant Ingram from Stacy's claims of negligent supervision. Stacy disputes Allstate's denial of coverage on the basis that the occurrence was the neglect on the property, Defendant Ingram did not commit a crime, it was someone else and he allowed it to happen. Furthermore, Stacy is not excluded under the policy.

Stacy seeks intervention in the instant action, both as of right and permissively, as she "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest." Fed. R. Civ. Pro. 24(a)(2). Intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994).

## I. Allstate's Motion for Default Judgment has no bearing on Stacy's right to intervene.

Stacy was not a party to the instant action. Therefore, Stacy did not know a motion for default judgment had been filed in the instant case. Stacy was not served with the lawsuit nor the application for default judgment. Stacy's counsel received a courtesy copy of the complaint on July 23, 2013. Shortly thereafter, Stacy filed her motion to intervene on August 16, 2013. A span of only 24 days. There are no circumstances under which any party could argue undue delay in filing the petition for intervention.

Further, the request for default entry is of no consequence. Motions for intervention are frequently filed, and even granted, after *final* judgment is entered. "Whether the request for intervention came before or after the entry of judgment [is] of limited significance," *Stallworth v. Monsanto*, 558 F. 2d 257, 266 (5th Cir. 1977); *See also Thurman v. Federal Deposit Ins. Corp.*, 889 F.2d 1441, 1446 (5th Cir. 1989) (reversing district court's decision to deny post-judgment intervention); *Baker v. Wade*, 769 F.2d 289, 292 (5th Cir. 1985) (allowing intervention on appeal).

Final judgment has not been entered in the instant case. Furthermore, even if default judgment had been entered, Stacy's right to intervene would not be affected. As an intervenor, Stacy would have the right to move to set aside the judgment as it substantially impacts her interest. In fact, an entry of default judgment is the type of action contemplated by Stacy in the filing of her motion to intervene. Rather than have the recovery rights of Stacy extinguished based on the inaction of a party to the suit, Stacy sought intervention to protect her own rights. Aware of the unlikelihood that Defendant Ingram was to have retained defense counsel, Stacy seeks to intervene as her rights are not adequately protected.

## II. Stacy has a protectable interest related to the subject action sufficient to allow her to intervene as of right under Fed. R. Civ. P. 24

Allstate's main contention appears to be that Stacy does not have a cognizable interest relating to the property or transaction that is the subject of the action and thus not entitled to intervene under Rule 24. Stacy disagrees. The Fifth Circuit has held that "the interest 'test' is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process. *Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1203 n. 10). It is not necessary that "the interest be of a legal nature identical to that of the claims asserted in the main action." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). The Fifth Circuit has also found that the interest need not be "directly related to the underlying dispute," so long as it is "sufficiently related to the litigation." *In the Matter of Lease Oil Antitrust Litigation*, 570 F.3d 244, 251 (5th Cir. 2009). Here, Stacy's interest in the coverage sought to be denied to Defendant Ingram is sufficiently related to the instant action that she should be allowed to intervene as of right.

Allstate has cited cases from other jurisdictions for the proposition that an economic interest is insufficient for intervention, yet this Court's circuit has found that such an interest is sufficient for intervention. In *Ford v. City of Huntsville*, the Fifth Circuit found that "[a]n interest solely related to the terms of a settlement can support intervention." 242 F.3d 235, 239 (5th Cir. 2001). In *Ford*, a newspaper sought to intervene in the case in which a confidential settlement was to be executed. *Id*. The court decided that the newspaper could intervene to challenge the confidentiality agreement between the settling parties. *Id.*

Similar to *Ford*, Stacy in the instant case has a direct and substantial interest in the coverage to be provided under Defendant Ingram's policy. While there has been no judgment issued at present against Defendant Ingram, the Fifth Circuit recognizes that prospective

interference may justify intervention. *See Black Firefighters Ass'n of Dallas v. City of Dallas*, 19 F.3d 992, 994 (5th Cir. 1994) ("A decree's prospective interference with promotion opportunities can justify intervention.") Thus, this Court should allow Stacy's intervention as of right.

### II. Alternatively, Stacy is entitled to permissive intervention as Stacy presents a claim or defense that shares a common question of law or fact with the main action.

Rule 24(b)(1)(B) permits this Court to grant intervention where the potential intervenor "has a claim or defense that shares with the main action a common question of law or fact." At the heart of this case is the question of how the insurance policy in question applies to the facts of the instant case.

In *State Farm Fire & Casualty Company v. Evans*, a case with similar facts to the instant case, the defendant shot and killed a non-party. 1996 U.S. Dist. LEXIS 21295 (N.D. Miss April 19, 1996). State Farm filed a declaratory action against the defendant seeking a determination as to whether the insurance policy issued to the defendant's grandmother provided coverage for the defendant's action. *Id*. The movants sought permissive intervention under Rule 24. *Id*. The court found that coverage under the State Farm policy was common both to the declaratory judgment and the proposed intervenor's claim, thus, the motion to intervene was appropriate. *Id*.

Similarly, both Allstate's claims and Stacy's claims share common facts—the facts of what occurred on the night H.S. was raped. Whether or not coverage under Defendant Ingram's insurance policy applies depends on the facts of the underlying action. The very facts that will be used to determine whether or not coverage applies to this incident under Defendant Ingram's policy are the same facts relevant to Stacy's personal injury claim. Consequently, Stacy should alternatively be allowed permissive intervention in the instant case.

### Conclusion

In the instant case, Stacy meets the requirements for intervention under Federal Rule 24,

whether as of right or permissively. Plaintiff's cause of action derives directly from the insurance coverage that is being disputed in the instant action. The facts of the underlying dispute have direct bearing on whether or not Defendant Ingram is to be afforded coverage under his policy. No party will suffer any prejudice if Stacy is allowed to intervene in this matter. Further, this request for intervention is timely and without said intervention, Stacy would not be adequately represented in the instant action.

"[I]t has been the traditional attitude of the federal courts to allow intervention 'where no one would be hurt and greater justice would be attained.'" *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970). For the foregoing reasons, Stacy respectfully requests that the Court grant intervention as of right or, in the alternative, that permissive intervention be granted.

This the 5th day of September, 2013.

        Respectfully Submitted,
        Connie Stacy, on behalf of her minor
        daughter, H.S., Intervenor


        */s/ Rogen K. Chhabra*
        ROGEN K. CHHABRA


ATTORNEY FOR INTERVENOR:

Rogen K. Chhabra (MSB # 99131)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone:   (601) 948-8005
Facsimile:   (601) 948-8010
rchhabra@cglawms.com

5

## CERTIFICATE OF SERVICE

I, Rogen K. Chhabra, do hereby certify that I have this day served a true and correct copy of the above and foregoing via ECF to the following:

>Toby Gammill
>Gammill, Montgomery, Malatesta PLLC
>3900 Lakeland Drive, Suite 401
>Post Office Box 321399
>Flowood, Mississippi 39232

This the 5th day of September, 2013.

                /s/ Rogen K. Chhabra
              ROGEN K. CHHABRA

Rogen K., Chhabra, MSB #99131
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601) 948-8005
Facsimile: (601) 948-8010
rchhabra@cglawms.com