UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY                                        PLAINTIFF

v.                                         CIVIL ACTION NO. 3:13-cv-443-CWR-FKB

CHRISTOPHER INGRAM                                                DEFENDANT

## ORDER

This cause is before the Court on the Motion for Leave to Intervene [6] filed by Connie Stacy (Movant) on behalf of her minor child. Having considered the parties' filings with respect to the motion, the Court concludes that the motion is well-taken and is hereby granted.

The facts giving rise to this case include that, on the evening of January 29, 2011, Movant's minor child was spending the night with Defendant Christopher Ingram's niece at Ingram's home in Rankin County, Mississippi. Ingram went to bed before the minors, but instructed the girls not to go to a party taking place next door. The minors went to the party, and Movant's child eventually left the party and was ultimately raped in Hinds County, Mississippi. Movant, on behalf of her minor child, has filed suit against Defendant Ingram in state court alleging negligent supervision.

Plaintiff Allstate Property and Casualty Insurance Company (Allstate) filed this declaratory judgment action seeking a ruling that its homeowner's policy issued to Defendant Ingram provides no coverage for Movant's claims and that it has no duty to defend Ingram in the pending state court action. [1] Defendant Ingram has filed no answer and has otherwise failed to respond to Allstate's complaint, and Allstate has moved for entry of default. [5]

By her motion, Movant asserts that she has a right to intervene in this case under Fed. R.

1

Civ. P. 24(a)(2) or, alternatively, that she should be permitted to intervene under Fed. R. Civ. P. 24(b)(1)(B). Intervention of right under Fed. R. Civ. P. 24(a)(2) is mandated when four requirements are met: (1) a timely motion to intervene; (2) by someone with an interest relating to the property or transaction at issue in the action; (3) who is in a position such that disposition of the action without movant may impair or impede movant's ability to protect that interest; and (4) whose interest is inadequately represented by the parties to the suit. *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir. 1996)(*en banc*). Permissive intervention is allowed when someone "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

Allstate argues that Movant cannot meet the second of the four requirements for intervention of right. Specifically, Allstate argues that the mere fact that a ruling in its favor in this case could impede Movant's ability to collect on any judgment she may obtain in state court is an insufficient interest to warrant intervention. In support of her motion, Movant cites *Shaunfield v. Citicorp Diners Club*, 2005 U.S. Dist. LEXIS 11244, *19 (N.D. Tex. June 8, 2005), a case involving intervention by a bank in a dispute between a credit card company and a credit card holder.[1] Allstate relies on, *inter alia*, *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir. 1984), a case between an electric utility and a supplier in

---

[1]Though the *Shaunfield* court allowed intervention because the movant had the right to sue on the debt which was the subject of the underlying suit, it noted that "[i]n general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." 2005 U.S. Dist. LEXIS 112244 at *17, *18.

2

which consumers and city officials were denied leave to intervene.[2] Neither case is particularly helpful to the Court in this instance.

However, *Hartford Casualty Ins. Co. v. Border States Traffic Supply, Inc.*, 2009 WL 224107 (W.D. Tex. Jan. 12, 2009), provides guidance with respect to the issue before the Court. In *Hartford*, motorists were allowed to intervene as of right in a declaratory judgment action in which Hartford sought to deny coverage under a commercial automobile insurance policy. Hartford argued that the injured motorists had no legally protected interest and therefore should not be allowed to intervene. After reciting the applicable intervention of right principles, the court determined that the motorists, who had not yet received a judgment in state court, should be allowed to intervene as of right. Although recognizing that the interest required by Rule 24 must be more than an economic interest and must be one belonging to the movant pursuant to substantive law, the court rejected Hartford's contention that the movants had no interest within the meaning of Rule 24 simply because their claim had not been reduced to judgment. The court concluded that the movants should be allowed to intervene to seek to enforce the insurance policy. The court held, alternatively, that it would exercise its discretion to allow permissive intervention.

In support of its decision, the *Hartford* court cited *Bituminous Casualty Corp. v. Garcia*,

---

[2] Allstate cites an Eighth Circuit case, *Medical Liability Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006 (8th Cir. 2007) (Plaintiff in state court wrongful death suit denied leave to intervene in federal declaratory judgment action brought by insurer against nursing home) and an Eleventh Circuit case, *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1310 (11th Cir. 2005) (Plaintiff in state court wrongful death action denied leave to intervene in federal declaratory judgment action by property owner) in support of its position. However, in both of those cases, the courts concluded that the federal district courts had not abused their discretion in denying permissive intervention based on the facts of those particular cases.

223 F.R.D. 308 (N.D. Tex. 2004), which also "allowed a '[third-party tort] claimant [to] intervene [where] an insurer,' . . . 'commence[d] a coverage declaratory judgment action' in federal court." *Hartford*, 2009 WL 224107 at *3. The *Bituminous* court cited additional cases showing that "[o]ther courts have held that a claimant may intervene when an insurer commences a coverage declaratory judgment action." *Bituminous*, 223 F.R.D. at 311(citing cases holding that claimant may intervene in insurer's declaratory judgment coverage action).

Both *Hartford* and *Bituminous* also involved situations in which the claimants' interests were "inadequately represented by the parties to the suit," the fourth factor for intervention of right. *See Harford*, 2009 WL 224107 at *3 (explaining that only answering defendant did "not adequately represent [claimants'] interests because (1) he is *pro se* and (2) his interest is adverse to the [claimants]"); *Bituminous*, 223 F.R.D. at 310 (defendant initially failed to answer or respond to declaratory judgment complaint). Like the intervenors in *Hartford* and *Bituminous*, Movant's interests in this case will not be adequately represented by the parties to this suit. The only party other than Allstate is Defendant Ingram, and he has filed no answer and is presently in default.

As shown above, authority exists to support that Movant has a right to intervene pursuant to Fed. R. Civ. P. 24(a)(2). But, it is unnecessary to make such a determination. Instead, this Court finds that Movant should be given permission to intervene under Fed. R. Civ. P. 24(b). Rule 24(b)(1)(B) permits "anyone to intervene who . . . has a claim . . . that shares with the main action a common question of law or fact," and Movant clearly has claims that share common questions of fact with this action. Intervention is particularly appropriate in this case in which Defendant Ingram has defaulted, and without intervention by Movant, no party will offer any

4

response to Allstate's position that the policy affords no coverage for Movant's claims. The Fifth Circuit has stated that "[i]ntervention under Rule 24(b) is left to the sound discretion of the district court," *Hopwood v. Texas*, 21 F.3d 603, 606 (5th Cir. 1994), and this Court concludes that Movant should be allowed to intervene under Fed. R. Civ. P. 24(b)(1)(B).

Based on the foregoing, the Motion for Leave to Intervene is granted.

SO ORDERED, this the 10th day of September, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE