IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | PLAINTIFF |
| V. | CAUSE NO. 3:13CV443-LG-JMR |
| CHRISTOPHER INGRAM | DEFENDANT |
| and | |
| CONNIE STACY, on behalf of her minor child, H.S. | INTERVENOR-DEFENDANT |

## ORDER GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT

BEFORE THE COURT is the [21] Motion to Set Aside Entry of Default filed by the defendant, Christopher Ingram. The plaintiff, Allstate and Casualty Insurance Company ("Allstate") opposes the Motion. Having reviewed the pleadings and the relevant law, it is the opinion of the Court that the Motion should be granted, and the clerk's entry of default should be set aside pursuant to Federal Rule of Civil Procedure 55(c).

### BACKGROUND

This is a declaratory judgment action in which Allstate seeks a determination that it is not required to provide insurance coverage to Ingram. Ingram has a homeowner's insurance policy with Allstate. Allstate seeks a declaratory judgment that, under the terms of the insurance policy, it is not liable for claims brought against Ingram in state court by a minor who is not a party to this action.[1] Allstate

---

[1] The minor's parent, Connie Stacy, has intervened in this action.

also seeks a determination that it has no duty to indemnify or defend Ingram in any actions related to the minor's claims. (Compl. 1, ECF No. 1).

According to Allstate's Complaint, the minor's claims against Ingram arise out of a crime that occurred while the minor was spending the night at Ingram's home and therefore under his supervision. The facts, as alleged in the Complaint, state that after Ingram went to bed, the minor left Ingram's home, and she was raped later that night at another location. Allstate subsequently filed this action against Ingram, and its Complaint alleges that "an attorney for [the minor] has made a claim of negligent supervision against Ingram." (Compl. 2-3 (¶8), ECF No. 1).

Ingram did not file an answer or otherwise respond to the Complaint within the time period allowed by the Federal Rules of Civil Procedure. Allstate sought a clerk's entry of default, and the clerk duly entered the default against Ingram. Ingram now moves to set aside the clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(c).

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The United States Court of Appeals for the Fifth Circuit has held that "[d]efaults are not favored and their strict enforcement has no place in the Federal Rules." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (quoting *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991)). Moreover, "entries of default

are serious; where there are no intervening equities, any doubt should ... be resolved in favor of the movant to the end of securing a trial upon the merits." *Id.* (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks omitted).)

The "good cause" requirement of Rule 55(c) has been interpreted liberally. *Effjohn*, 346 F.3d at 563 (quoting *Amberg*, 934 F.2d at 685). Courts generally examine three factors to determine whether a party has shown good cause, but these factors are not exclusive. They are whether the failure to act was willful; whether setting the default aside would prejudice the adversary; and whether a meritorious defense has been presented. *Lacy*, 227 F.3d at 292.[2] Ingram submits that his default was not willful, that meritorious defenses exist and will be raised, and that Allstate will not be prejudiced if the entry of default is set aside.

First, Ingram argues that Allstate did not properly serve him with process pursuant to Federal Rule of Civil Procedure 4. Ingram admits that he received the summons and Complaint issued to him by Allstate, but he submits that he was not properly served. According to the proof of service in the record, the summons was personally served on Ingram.[3] (*See* ECF No. 4). However, Ingram contends that he

---

[2] While some circuits require consideration and disposition of all three factors on the record, the Fifth Circuit treats the factors as disjunctive. *Matter of Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992).

[3] There is some conflict in the record with respect to the date on which the summons was delivered, but this does not affect whether Ingram was properly served. (Mot. for Clerk's Entry of Default, ECF No. 5; Gammill Aff., ECF No. 5-1). There is no dispute as to whether the requisite 21-day period passed before Allstate

was not served personally; he submits that instead, the process server handed the papers to Ingram's neighbor, Aubrey Macom, while he was in Ingram's driveway. Macom later gave the papers to Ingram. (Mot. to Set Aside Entry of Default 2, ECF No. 21). Ingram has submitted a sworn affidavit in which he states that Macom did not, and has never, lived at Ingram's address, and did not have permission to accept anything on Ingram's behalf. (Ingram Aff. 2, ECF No. 21-1). Macom has also sworn an affidavit in which he states that "someone handed me some papers as I was walking up the driveway to . . . Ingram's house," and that Ingram "had not given me permission to accept anything on his behalf," and that he had never lived at Ingram's house. (Macom Aff., ECF No. 21-2).

Second, Ingram argues that at the time Allstate filed its Complaint in this action, "no suit had been filed against Ingram by or on behalf of" the minor or her parent. (Mot. to Set Aside Entry of Default 1, ECF No. 21). Ingram further submits that he "has never been served with any complaint filed by or on behalf of" the minor or her parent. (*Id.* at 2). Ingram maintains that he did not respond to Allstate's Complaint in part because, at the time it was filed, the minor had not sued him, "as Allstate was contending in the papers," so "he did not understand how Allstate could be suing him." (*Id.* at 2). He further argues that this Court could not adjudicate Allstate's Complaint at the time it was filed, or when the entry of default was entered, because the underlying complaint had not yet been filed. He argues

---

moved for a clerk's entry of default.

that Allstate's claims regarding insurance coverage and the duty to defend and indemnify depend upon the allegations of the underlying complaint, which did not exist at the time Allstate filed its Complaint for declaratory judgment.

With respect to Ingram's argument regarding service of process, Allstate maintains that the proof of service in the record is prima facie evidence that Ingram was served personally. There may be a dispute of fact as to whether Ingram was personally served, but the Court does not find this issue to be dispositive. The Fifth Circuit has held that "perfection of service is not determinative" in the context of a default. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008). Ingram admits that he received the papers eventually, so he was aware of the Complaint. However, the record shows that there were no pending claims against Ingram by the minor at that time. Allstate has submitted a complaint filed in the Circuit Court of Hinds County, Mississippi, in which the minor and her mother allege claims against Ingram and Allstate, but that complaint was filed several months after Allstate filed this declaratory judgment action, and approximately one month after the clerk's entry of default against Ingram. (*See* Hinds Co. Compl., ECF No. 25-4).

While the Court is not wholly convinced of Ingram's motivations, it does not find that the record conclusively shows that his default was willful. Ingram has asserted that he was genuinely confused about the papers, and the record demonstrates that the underlying claims referenced in Allstate's Complaint were not filed until several months later. Given that Ingram had not received a

complaint from the minor or her parent at the time the default was entered, the Court will resolve doubts regarding Ingram's willfulness in his favor.

Moreover, there is no indication that Allstate would suffer prejudice if the default were set aside, other than the costs and burden required to litigate this case. Allstate is the plaintiff in this action; it must have expected to incur litigation costs when it filed the Complaint. Additionally, it is well-established that "[t]here is no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293. Allstate has not demonstrated that any difficulties in discovery or loss of evidence will result from setting aside the clerk's entry of default. *See id.* Given the disfavor with which default judgments are viewed, the absence of prejudice to Allstate, and that Ingram's default was not willful, the Court will permit Ingram to file an answer to Allstate's Complaint, and this case will be decided on the merits. The clerk's entry of default will be set aside. Ingram must file an answer or otherwise respond to the Complaint within **fourteen (14)** days of this Order.

## CONCLUSION

For the foregoing reasons, the Court finds that the defendant's Motion to Set Aside Entry of Default should be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Set Aside Entry of Default [21] filed by the defendant, Christopher Ingram, is **GRANTED**. The clerk's entry of default [13] as to Christopher Ingram is hereby set aside.

**IT IS FURTHER ORDERED AND ADJUDGED** that Christopher Ingram's answer to the Complaint [1] is due within fourteen days of the date of this Order.

**SO ORDERED AND ADJUDGED** this the 12th day of May, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE