UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY                                                        PLAINTIFF

vs.                                                          CAUSE NO. 3:13-CV-443-LG-JMR

CHRISTOPHER INGRAM                                                       DEFENDANT

## ANSWER AND DEFENSES TO COMPLAINT

Christopher Ingram (hereinafter "Ingram"), by and through counsel, files this, his Answer and Affirmative Defenses to Allstate's Complaint, and in support thereof, states as follows:

## FIRST DEFENSE- MOTION TO DISMISS- RIPENESS

It is axiomatic that Allstate's duties to defend and indemnify Ingram depend upon the allegations of a *Complaint* filed against him in a suit to which he has been made a party. Mississippi has adopted the "allegations of the complaint" rule to determine whether an insurer has a duty to defend, pursuant to which the court reviews the allegations in the underlying complaint to see whether it states a claim that is within or arguably within the scope of coverage provided by the insurance policy. In doing so, the court compares the words of the complaint with the words of the policy, looking not to the particular legal theories pursued by the plaintiff, but to the allegedly tortious conduct underlying the suit. If the complaint alleges facts which are arguably within the policy's coverage, a duty to defend arises.

However, at the time Allstate filed this action against Ingram as its insured, no Complaint had been filed against Ingram by or on behalf of Connie Stacy or her daughter.

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Likewise, no such Complaint had been filed as of the time Allstate moved for, or at the time the Clerk entered, a default.

Because the existence of a right of action on the part of Allstate is predicated upon the existence of a legal action initiated by the filing of a complaint to which its insured is a party and because no such legal action (and thus, no such complaint) existed, there was no "case or controversy". The existence of a case and controversy is a required predicate to all Federal actions, including those for declaratory relief. With no such prerequisite, this action is not ripe for adjudication and should be dismissed.

## SECOND DEFENSE- INSUFFICIENCY OF (SERVICE OF) PROCESS

In addition or in the alternative, ALLSTATE failed to serve INGRAM with process, and the case should be dismissed for that reason.

## THIRD DEFENSE

To the extent indicated by the evidence, INGRAM asserts those defenses available under Federal Rule 8c including, but not limited to, ripeness, no case or controversy, insufficient (service of) process, failure to exhaust remedies, waiver, estoppel, failure of consideration and breach of fiduciary duty.

## FOURTH DEFENSE

Plaintiff has or may have failed to join a party whose presence is needed for just adjudication and/or failed to bring this action in the name of a real party-plaintiff in interest.

## FIFTH DEFENSE

INGRAM, by and through counsel, responds paragraph by paragraph to the Complaint, and states as follows:

1. INGRAM denies that there is a case or controversy for adjudication, denies

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

the allegations of paragraph 1 of the Complaint and states that ALLSTATE's claims were and are not ripe and should be dismissed for that reason.

2.  INGRAM admits the allegations of paragraph 2 of the Complaint based upon information and belief.

3.  INGRAM denies paragraph 3 of the Complaint and states that he has not been served with process and ALLSTATE's claims should be dismissed for that reason.

4.  INGRAM denies the allegations of paragraph 4 of the Complaint.

5.  INGRAM denies the allegations of paragraph 5 of the Complaint.

6.  Other than admitting that he was insured under a policy or policies of homeowner's insurance with ALLSTATE at all times during 2011 and stating that he is unaware of the specific policy number(s), INGRAM admits based upon information and belief that the attached policy is the same or a substantially similar policy form, and in whatever form, provides that ALLSTATE is obligated to defend and indemnify him for claims, INGRAM denies the allegations of paragraph 6 of the Complaint as stated.

7.  Other than admitting that his niece and a friend were visiting his home on or about the stated date(s) and that he acted reasonably at all times pertinent to the allegations of the Complaint, INGRAM denies the allegations of paragraph 7 of the Complaint as stated.

8.  Other than admitting that his niece and a friend were visiting his home and that he acted reasonably at all times pertinent to the allegations of the Complaint, INGRAM denies the allegations of paragraph 8 of the Complaint as stated.

9.  Other than admitting that ALLSTATE sent a letter citing purported coverage defenses and positions based on the allegations of something other than a complaint and that, based upon information and belief, that attached letter appears to be the same or

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

similar to that letter sent by ALLSTATE, INGRAM denies the allegation of paragraph 9 of the Complaint.

10. INGRAM denies that there is a case or controversy for adjudication and denies the allegations of paragraph 10 of the Complaint and its subparts.

11. INGRAM incorporates and reasserts the allegations of paragraphs 1 through 11 of the Complaint.

12. INGRAM states that the contents and specific language of any applicable ALLSTATE policies is contained in any such policies, which are incorporated herein by reference and which must be read and construed as a whole. Other than stating the language in the Complaint may be the same or similar, in part, to that contained in paragraph 12, INGRAM is without knowledge or information sufficient to allow him to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and therefore, denies the same.

13. INGRAM denies the allegations of paragraph 13 of the Complaint.

14. INGRAM incorporates and reasserts the allegations of paragraphs 1 through 13 of the Complaint.

15. INGRAM states that the contents and specific language of any applicable ALLSTATE policies is contained in any such policies, which are incorporated herein by reference and which must be read and construed as a whole. Other than stating the language in the Complaint may be the same or similar, in part, to that contained in paragraph 15, INGRAM is without knowledge or information sufficient to allow him to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and therefore, denies the same.

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

16. INGRAM denies the allegations of paragraph 16 of the Complaint.

17. INGRAM incorporates and reasserts the allegations of paragraphs 1 through 16 of the Complaint.

18. INGRAM states that the contents and specific language of any applicable ALLSTATE policies is contained in any such policies, which are incorporated herein by reference and which must be read and construed as a whole. Other than stating the language in the Complaint may be the same or similar, in part, to that contained in paragraph 18, INGRAM is without knowledge or information sufficient to allow him to form a belief as to the truth of the allegations of paragraph 18 of the Complaint and therefore, denies the same.

19. No paragraph 19 is present in the Complaint.

20. No paragraph 20 is present in the Complaint.

21. No paragraph 21 is present in the Complaint.

22. INGRAM denies the allegations of paragraph 22 of the Complaint and denies that there is a case or controversy for adjudication.

23. INGRAM denies the allegations of paragraph 23 of the Complaint and denies that there is a case or controversy for adjudication.

24. INGRAM denies the allegations of the unnumbered paragraph of the complaint beginning "WHEREFORE", including subparts 1 through 4 thereof, and further denies that ALLSTATE is entitled to judgment against or any relief whatsoever from INGRAM.

## **RESERVATION OF DEFENSES**

INGRAM is without knowledge or information sufficient to form a belief as to whether

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

other affirmative defenses apply in this matter. However, INGRAM expressly reserves his right to raise any additional affirmative defenses he may later learn to be applicable.

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, **DEFENDANT Ingram asks that** this Court dismiss any and all of the Plaintiff's claims with prejudice or in the alternative, provide INGRAM with any and all other relief appropriate under the circumstances as requested in the alternative herein.

    Respectfully submitted,
    **CHRISTOPHER INGRAM**

    BY: _____Timothy D. Moore_____
    Timothy D. Moore (MSB #10494)
    THE LAW OFFICE OF TIMOTHY D. MOORE, PLLC
    120 North Congress Street, Ste. L2 (39201)
    P. O. Box 23939
    Jackson, MS 39225
    601.321.9629 TEL
    601.397.6941 FAX
    601.988.4590 CELL
    tmoore@tdmoorelaw.com
    www.tdmoorelaw.com

ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Page 6 of 7

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day served via ECF, a true and correct copy of the foregoing to the following:

  Toby Gammill, Esq.
  Gammill, Montgomery Malatesta, PLLC
  3900 Lakeland Drive, Ste. 401A
  Flowood, MS 39232

  Rogen Chhabra, Esq.
  Chhabra and Gibbs, P.A.
  120 North Congress St., Suite 200
  Jackson, MS 39201

THIS the  24t$^h$  day of      May         , 2014.

               Timothy D. Moore
               TIMOTHY D. MOORE